UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 107.4.246.135,<br><br>    Defendant. | Civil Case No.  0:18-cv-00768-DSD-FLN |

**ORDER ON PLAINTIFF'S *EX-PARTE* APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT**

THIS CAUSE came before the Court upon Plaintiff's e*x-parte* application under Rule 4(m) of the Federal Rules of Civil Procedure, for entry of an Order extending the time within which to effectuate service on John Doe Defendant with a summons and Complaint. [ECF No. 61] Plaintiff's application was filed on the very day the time it seeks to extend is due to expire.

Under Rule 4(m) the court must extend the time for service for an appropriate period if the Plaintiff shows good cause for the failure to serve the defendant within the time specified in Rule 4(m).  The question therefore is whether Plaintiff has shown good cause.

Here, Plaintiff alleges that it has not been able to serve the Defendant because Defendant's identity remains unknown, and the court has thus far denied Plaintiff's subpoena request which might assist Plaintiff to identify the Defendant.  In its application, Plaintiff asserts that, "Defendant's true identity is known by their internet service provider (ISP)".  This is untrue.  At most, the internet service provider that

Plaintiff seeks to subpoena knows only the identity of the subscriber whose computer was used to facilitate the alleged copyright infringement. The ISP does not know who allegedly infringed Plaintiff's copyright. *Cf. Killer Joe Nevada v. Does 1-20,* 807 F.3d 908 (8th Cir. 2015).

What Plaintiff seeks is to sue the subscriber with the hope that the subscriber will be able to identify the alleged infringer. Even if the court eventually grants the Plaintiff's motion to serve early discovery on the ISP, without even more early discovery, Plaintiff will still not know the true identity of the alleged infringer, who should be the named Defendant.

Based upon the foregoing, and for the reasons set forth in the ORDER denying the Motion For Leave To Serve a Third Party Subpoena [ECF No. 14], the court concludes that Plaintiff has failed to show good cause to extend the time for service.

Plaintiff's application [ECF No. 16] is DENIED.

SO ORDERED this 20th day of June, 2018.

By: *s/Franklin L. Noel*
The Honorable Franklin L. Noel
United States Magistrate Judge